

# NUMBER 13-24-00171-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**DON JACKSON CONSTRUCTION, INC.,**                                    **Appellant,**

**v.**

**ROCKPORT-FULTON INDEPENDENT SCHOOL DISTRICT,**                                    **Appellee.**

---

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF ARANSAS COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

This accelerated interlocutory appeal arises from payment disputes regarding various construction entities, including appellant Don Jackson Construction, Inc. (Don Jackson), for repair work completed to fix damage caused by Hurricane Harvey. Don Jackson argues that the trial court improperly granted appellee Rockport-Fulton

Independent School District's (RFISD)[1] motion for summary judgment and improperly denied its own summary judgment motion based on wrongly finding RFISD had governmental immunity. RFISD urges that the trial court's decision be upheld and that its governmental immunity was not waived under Texas Local Government Code Chapter 271 or Texas Education Code Section 44.031. We conclude that the trial court did not err in finding that RFISD maintained its immunity because there was no evidence before the trial court that the RFISD school board voted to approve any contract authorizing the Regional Pool Alliance (RPA) to act on its behalf. We therefore affirm.

## I. BACKGROUND

The RPA is a distinct intergovernmental unit that was created to help governmental entities perform a variety of services. *See* TEX. GOV'T CODE § 791.011, .013, .025. The RPA was created by the "Interlocal Agreement," which authorized the RPA to perform a variety of functions, including providing "property or other loss coverage." The RPA functioned by its member governmental units pooling resources together "to finance, spread, and mitigate their risk of liability or casualty." The agreement stated that it did not "create a self insurance pool" but was instead "an agreement to cooperate in the performance of governmental functions." The agreement further stated that the RPA could neither sue nor be sued and provided for the potential addition of further members. The agreement also authorized the RPA as needed to "employ personnel and independent contractors" and "[third] parties whose services are necessary to complete the governmental functions contemplated herein."

The parties dispute whether RFISD joined as a member of the RPA. The only evidence in the record in this matter shows that the RPA was created by the "Interlocal

---

[1] RFISD was initially known as Aransas County Independent School District.

2

Agreement" but does not show any affirmative action by RFISD adopting the agreement or approving any other contract related to the RPA. Regardless, the record does show the RPA hired Don Jackson as a general contractor to perform repairs throughout Aransas County at a variety of buildings, including RFISD property, and signed several contracts with Don Jackson that included different RFISD buildings within the scope of work. After performing work, Don Jackson claimed the RPA failed to pay for completed labor.

Don Jackson initially sought relief against RFISD and the RPA in an arbitration with the American Arbitration Association. RFISD filed a plea to the jurisdiction seeking dismissal pursuant to governmental immunity. After the arbitration panel denied the plea to the jurisdiction and the claims were resolved in Don Jackson's favor, RFISD filed suit against Don Jackson seeking a declaratory judgment that it maintained its governmental immunity under Chapter 271 from breach of contract claims. Relatedly, RFISD argued it was also immune to Don Jackson's quantum meruit, promissory estoppel, and respondeat superior claims. RFISD filed a motion for summary judgment arguing that the arbitration panel lacked subject matter jurisdiction to determine immunity, that the trial court should find RFISD immune because it did not execute a contract directly with Don Jackson, and that the RPA lacked authority to execute a contract on RFISD's behalf. RFISD further noted that Don Jackson settled its claims with the RPA for $1.1 million.

Don Jackson responded to RFISD's motion by reasserting the relationship between RFISD and the RPA, and emphasizing that the RPA was authorized by the Interlocal Agreement to contract on RFISD's behalf. Don Jackson argued that the contracts between itself and the RPA fulfill the requirements of Chapter 271 and that each was executed on behalf of RFISD. Don Jackson highlighted the many times RFISD was

3

referred to as a "member" of the RPA, and it noted the RPA's actions indicating it was acting as RFISD's agent without RFISD objecting.

Don Jackson also filed its own motion for summary judgment reasserting the same arguments regarding the RPA acting as RFISD's agent. Don Jackson also asserted that the arbitration panel had already previously found RFISD's immunity was waived. It attached an affidavit from its vice president indicating that Don Jackson had entered into the contracts with the RPA, who, in turn, entered into the contracts for the benefit of RFISD. The affidavit also contained testimony that Don Jackson worked closely with RFISD during the construction, including via direct telephone and email communication and weekly meetings to discuss the status of each project. It also attached performance and payment bonds that Don Jackson executed listing RFISD as a co-owner of the properties with the RPA. Don Jackson further attached a letter from the RPA to the various insurers which referred to RFISD as a participating member and to the lack of payment for damage to RFISD properties.

RFISD responded to Don Jackson's summary judgment motion by reasserting that the RPA was the only party to any contract with Don Jackson and that the RPA contracted with Don Jackson for its own benefit. It asserted that any incidental benefit to RFISD did not waive its immunity. Don Jackson replied that this Court's prior decision in *Regional Pool Alliance v. NorthStar Recovery Services*, No. 13-21-00045-CV, 2022 WL 1412362, at *1 (Tex. App.—Corpus Christi–Edinburg May 5, 2022, no pet.) (mem. op.), indicated RFISD was a member of the RPA and that the RPA acted pursuant to the Interlocal Agreement. It continued to assert that the waiver of immunity only required a contract to be executed on behalf of an entity.

On April 2, 2024, the trial court signed an order granting RFISD's summary

4

judgment motion and denying Don Jackson's motion. In doing so, the trial court found that RFISD retained its governmental immunity from the claims asserted in arbitration and was enjoined from further pursuing the claims. This appeal followed.

## II. ANALYSIS

Don Jackson argues RFISD's immunity was waived under Chapter 271 because the RPA was RFISD's agent when it contracted with Don Jackson.

### A. Appeal from Arbitration

Arbitration awards are typically conclusive, and we indulge every reasonable presumption to uphold these awards. *See Xtria L.L.C. v. Int'l Ins. All.*, 286 S.W.3d 583, 591 (Tex. App.—Texarkana 2009, pet. denied). Generally, even mistakes of law or fact "will not justify vacating an arbitrator's award." *Id.* However, "[b]ecause immunity bears on the trial court's jurisdiction to stay or compel arbitration, and to enforce an arbitration award in a judgment against a local government, a court must decide whether governmental immunity is waived." *S.A. River Auth. v. Aus. Bridge & Road, L.P.*, 601 S.W.3d 616, 626 (Tex. 2020). Arbitrators cannot confer jurisdiction on a trial court and thus cannot determine governmental immunity because of the inherent subject-matter jurisdiction questions raised. *Id.* at 627–28.

Accordingly, we do not defer to the arbitration's decision here. *See id.*

### B. Standard of Review

Political subdivisions of the State, such as school districts, are generally immune from suit unless immunity has been clearly and unambiguously waived by the legislature. *See* TEX. GOV'T CODE § 311.034; *City of Houston v. Hou. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018). If there are competing summary judgment motions, as here, then "each party bears the burden of establishing that it is entitled to judgment as a matter

5

of law." *Tarr v. Timberwood Park Owners Ass'n*, 556 S.W.3d 274, 278 (Tex. 2018) (quoting *City of Garland v. Dall. Morning News*, 22 S.W.3d 351, 356 (Tex. 2000)). It is our duty in such cases to review all legal issues presented and "render the judgment that the trial court should have rendered." *Id.* (quoting *Dall. Morning News*, 22 S.W.3d at 356). Therefore, each party must show that there is no genuine issue of material fact to prevail. *Id.* (citing TEX. R. CIV. P. 166a(c)). We review an order granting summary judgment de novo. *Hillis v. McCall*, 602 S.W.3d 436, 439 (Tex. 2020).

## C. Discussion

Chapter 271 waives immunity for "[a] local governmental entity that is authorized . . . to enter into a contract and that enters into a contract subject to this subchapter." TEX. LOC. GOV'T CODE § 271.152. A "contract subject to this subchapter" is "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id.* § 271.151(2)(A). School districts are authorized to enter interlocal contracts. *See* TEX. EDUC. CODE § 44.031(a)(4). Independent school districts such as RFISD enter contracts via their board of trustees or they can delegate authority to their superintendent to enter contracts. *See id.* § 11.1511(c)(4).

It is undisputed that the contracts at issue are in writing and contain the essential terms of the agreements. *See* TEX. LOC. GOV'T CODE § 271.151(2)(A). Instead, the parties dispute whether such contracts were properly executed on behalf of RFISD. *See id.* Don Jackson contends that, despite RFISD not being a party to the contracts, the contracts were executed on its behalf because RFISD was a member of the RPA and the RPA was authorized by the Interlocal Agreement to act on behalf of its members. *See* TEX. EDUC. CODE § 44.031(a)(4). It also contends that the fact that RFISD was listed on performance

6

and payment bonds for the projects also indicates the RPA was authorized to bind RFISD. Conversely, RFISD argues that only the school board or superintendent can validly execute a contract on its behalf and therefore the RPA's contracts with Don Jackson cannot waive immunity for RFISD as it was not validly executed by either entity. *See id.* § 11.1511(c)(4).

The Texas Supreme Court has noted that the waiver language in Section 271.152 only requires contracts be executed "on behalf of" local government entities, rather than "by" such entities, and that this language is a legislative acknowledgement that contracts "are not typically signed by all members of the entity's governing authority." *El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, 602 S.W.3d 521, 533 (Tex. 2020) (quoting TEX. LOC. GOV'T CODE § 271.151(A)). However, as RFISD points out, the Supreme Court also held a contract is only properly executed "when it is executed in accord with the statutes and regulations prescribing that authority"; that is, "only in the manner the legislature has authorized." *Id.* at 532. RFISD contends the lack of direct action by its board or superintendent to directly authorize a contract with Don Jackson means it does not comport with what the legislature authorized. *See id.*

As we held in several recent matters, the RPA was authorized to hire third parties as needed for the entities on whose behalf it obtained insurance coverage. *See Aransas County v. W. Steel Co.*, ___S.W.3d___, 2026 WL 691884, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 12, 2026, no pet. h.); *Aransas County v. Northstar Recovery Servs.*, No. 13-25-00159-CV, 2026 WL 700009, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 12, 2026, no pet. h.) (mem. op.); *Rockport-Fulton Indep. Sch. Dist.* v. *Northstar Recovery Servs.*, No. 13-25-00168-CV, 2026 WL 698279, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 12, 2026, no pet. h.) (mem. op.). Therefore, undisputed

7

evidence showing that RFISD approved the Interlocal Agreement or otherwise appointed the RPA to hire third parties would be sufficient to waive immunity. *See W. Steel Co.*, 2026 WL 691884, at *1; *Northstar Recovery Servs.*, 2026 WL 700009, at *1; *Rockport-Fulton Indep. Sch. Dist.*, 2026 WL 698279, at *1.

However, based on our review of the record before the trial court, there is no direct evidence showing RFISD authorized the Interlocal Agreement or appointed the RPA as its agent. The record only indicates:

- Hurricane Harvey damaged RFISD's buildings;

- the RPA hired Don Jackson to repair RFISD's buildings;

- RFISD oversaw Don Jackson's repairs of these buildings; and

- documentation indicated RFISD was an owner of these buildings.

While there is circumstantial evidence that would seem to hint at the probability of RFISD being a member of the RPA, this evidence fails to transcend mere suspicion and is "so slight as to make any inference a guess" and thus is no evidence. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). The parties acting as though RFISD were a member of the RPA does not demonstrate RFISD's approval of the Interlocal Agreement, or any other agreement. Because Texas law requires that a contract be "properly executed" on behalf of RFISD to bind it, merely creating the implication that RFISD was a member of the RPA is not enough to waive RFISD's immunity. *See El Paso Educ. Initiative, Inc.*, 602 S.W.3d at 532–33; TEX. EDUC. CODE §§ 44.031(a)(4), 11.1511(c)(4). Consequently, Don Jackson's presentment of the Interlocal Agreement unsigned by the RFISD is insufficient to create a factual dispute absent evidence that RFISD voted on or approved the agreement.

8

Likewise, the mere fact that the RFISD owned the buildings that Don Jackson repaired and that it was involved in the construction remediation process is not evidence that RFISD's board approved any document authorizing the RPA to act on its behalf. While it stretches credibility to claim that the RPA hired Don Jackson to repair RFISD's property for its own benefit, this Court's job is not to sit in the role of factfinder. Instead, we review the record as presented and render the judgment the trial court should have. *See Tarr*, 556 S.W.3d at 278. Based on this record, there is no genuine dispute of material fact as there is no evidence showing RFISD's board or superintendent "properly executed" any contract authorizing the RPA to act on its behalf. *See id*.; TEX. LOC. GOV'T CODE § 271.151(2)(A); TEX. EDUC. CODE § 44.031(a)(4).

We overrule Don Jackson's sole issue.

### III.  CONCLUSION

We affirm the trial court's judgment.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
9th day of April, 2026.